AO 472  (Rev. 11/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

for the

District of Nevada

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | )   Case No.  2:20-mj-0456-BNW |
| WILLIAM L. LOOMIS | ) |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

    ☐ **(e)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*

  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; ***and***

  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

☐ **B.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C.  Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☐ Weight of evidence against the defendant is strong
☐ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

- ☐ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

See Attachement.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:  _____06/10/2020_____          _____

NANCY J. KOPPE, United States Magistrate Judge

**Attachment**

The Court finds that, on May 16, 2020, the defendant approached people that he saw dressed in military gear carrying long guns at a ReOpen Nevada rally and stated that he would have been dressed like they were, but his wife was present.  The defendant also stated that he reenergized his Facebook account to join the local Boogaloo group Facebook page.  The Boogaloo group is a right-wing extremist group.  On May 19, 2020, the defendant went to Henderson to meet with some of the members of the Boogaloo group.  The defendant then told the group that he is former militia member and that he is onboard for destroying property.  The defendant further stated that he sees that a war is coming now, that he is finished sitting on the sidelines and wants to be involved.  On May 23, 2020, the defendant went on a hike with the group and stated that he wanted to take action against the United States government.  The defendant wanted to get involved physically and did not want to just plan it.  The defendant has stated more than once that he is very angry.  On May 25, 2020, George Floyd died, which caused several protests across the nation and world.  Two days later, the defendant contacted Mr. Stephen Parshall as well as the FBI Confidential Human Source after 10:00 p.m., to meet.  The defendant stated that he had an idea for a statement that could be made.  When they met that night, the defendant talked about inciting chaos and riot.  The defendant stated that he wanted to target a power substation the next night.  As proffered by the government, targeting substations is something that is occurring in right-wing extremist groups.  The defendant took his codefendant and the FBI Confidential Human Source to Bonanza and Eastern and made a plan to target the power substation.  The plan was supposed to occur the next night.  Stephen Parshall would use an explosive and the group would have their rifles in the car so they would not stand out.  Stephen Parshall purchased certain incendiary items, including fireworks.  Stephen Parshall then called off the plan because he thought he had been followed while making these purchases.  There is no indication that this defendant did or would have called off the power substation plan.  All the information indicates that Stephen Parshall called off the plan.  On May 29, 2020, the defendant went to another George Floyd protest and there was discussion about targeting the government and the downfall of the U.S. government.  The defendant analogized the fall of the U.S. government to the fall of the Roman civilization and indicated he would be a part of it.  On May 30, 2020, the defendant was supposed to go to another George Floyd protest at the Container Park – before going, the defendant met with others and talked about the militarization of the police.  The defendant further talked about hanging every politician and governor.  The defendant's actions certainly indicate that he wanted to be involved in action.  The defendant talked about being involved in a world war and wanting to be involved in these antigovernment activities.  The defendant had on his person an AR-15 rifle with six loaded magazines and an outer-carrier with plates at the time of his arrest.  This corroborates what he had been saying that he was ready to be involved and no longer wanted to just plan but to engage in action.  The defendant gave a post-Miranda statement in which he downplayed his involvement and stated he was not going to go to the protest.  The defendant further downplayed his meeting regarding the power substation.  The defendant admitted that he agreed to the plan but further stated that he backed out.  However, none of the defendant's actions indicate that he backed out but rather indicate that he is the one that suggested the plan, planned it, and brought in others to carry out the plan.  The defendant stated that he believes a world war is coming and admitted that he has

been angry for some time.  The defendant initially denied hearing anything about Molotov cocktails, but then later admitted that he had.  The defendant cannot return to his job at this point. The defendant has used Marijuana daily since 2014, which is not legal federally.  The defendant has some history of alcohol abuse, as well as mental health history.  There is a detainer lodged in the State.  This defendant is the one who sought this group of people out.  The defendant told the group that he wanted to be involved and was ready to destroy buildings.  This defendant is the one who brought up the power substation and planned that activity.   As a result, the Court finds that there are no conditions or combination of conditions that the Court could fashion at this time to protect the community against the risk of danger posed by the defendant.  Accordingly, the defendant is ORDERED DETAINED pending trial.